749 S.E.2d 299

**In the Matter of Harvey Breece BRELAND, Respondent.**

Appellate Case No. 2013–001398.

No. 27309.

Supreme Court of South Carolina.

Submitted July 15, 2013.

Decided Sept. 4, 2013.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Harvey MacLure Watson, III, of Ballard Watson Weissenstein, of West Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand or definite suspension not to exceed one (1) year. In addition, he agrees to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of the imposition of a sanction. We accept the Agreement and suspend respondent from the practice of law in this state for one (1) year. In addition, we order respondent to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission within thirty (30) days of the date of this opinion.

## Facts

### Matter I

In 2005, respondent served as closing attorney for a husband and wife in the purchase of a mobile home. A two-step plan was devised to accomplish the transactions. The first transaction would involve a sale of the clients' real estate to CMH Homes. The second transaction would involve the sale of the real estate from the first transaction with an affixed mobile home from CMH Homes to the husband alone.

Respondent acknowledges that the deed prepared for the first transaction was not completed or filed with the Register of Deeds for Anderson County. Funds were disbursed to respondent for filing fees and recording fees although the deed was not recorded. Respondent relied on his assistant to

facilitate the filing of the closing documents but failed to ensure that the filings were properly and timely completed. The clients retained new counsel for further assistance with their real estate issues.

## Matter II

Respondent received five notices of insufficient funds in this trust account between August 31, 2009, and September 10, 2009. Respondent retained the services of a CPA to assist in reconciling his trust account. According to respondent, the reconciliation process revealed a pattern of payoff disbursement checks that were either sent in a delayed fashion or never actually sent to lenders. Respondent relied on his assistant to facilitate disbursements but failed to ensure that the disbursements were properly and timely made. Based on the findings of the reconciliation, respondent deposited approximately $150,000 of his personal funds to cover the shortages.

Respondent admits that he failed to timely reconcile his trust accounts pursuant to Rule 417, SCACR. He also failed to make reasonable efforts to ensure that his legal assistant's conduct was compatible with respondent's professional obligations.

Respondent filed a report with law enforcement regarding the assistant's misconduct. Respondent represents that the assistant has been charged with Breach of Trust with Fraudulent Intent, value $10,000 or more.

## Matter III

On June 29, 2007, the Complainants purchased real estate. Respondent served as the closing attorney. At the closing, respondent received funds to purchase a one year home warranty for the Complainants. Respondent failed to purchase the home warranty. In January 2009, respondent refunded the money received for the home warranty. The Complainants did not have the benefit of the home warranty due to respondent's failure to purchase the home warranty which was contrary to the agreement of the parties.

In connection with the closing, the parties executed a power of attorney authorizing respondent's law firm to supervise the

transfer of the mobile home title. Respondent failed to ensure that the title to the mobile home was properly transferred to the Complainants. The Complainants have since hired new counsel to facilitate the transfer.

## Matter IV

The Complainants sold property to the Complainants referenced in Matter III. Respondent served as closing attorney in the transaction. Respondent failed to return the Complainants' telephone calls regarding issues experienced by Complainants as a result of the closing.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to client); Rule 1.2 (lawyer shall abide by a client's decisions concerning the objectives of representation); Rule 1.4 (lawyer shall keep client reasonably informed about the status of matter and promptly comply with reasonable requests for information); Rule 1.15 (lawyer shall promptly deliver funds to client or third person that client or third person entitled to receive; lawyer may deposit own funds in trust account for sole purpose of paying service charges on account); Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice). In addition, respondent admits he has violated the provisions of Rule 417, SCACR. Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## Conclusion

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for one (1) year.[1]

---

1. Respondent's prior disciplinary history includes a 2009 admonition issued by the Commission and a 2002 and 2005 letter of caution issued by the Commission warning him to be careful to adhere to some of the specific Rules of Professional Conduct cited in the current proceeding.

In addition, we order respondent to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission within thirty (30) days of the date of this opinion. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.

---

See Rule 2(r), RLDE (fact that letter of caution has been issued shall not be considered in a subsequent disciplinary proceeding against lawyer unless the caution or warning contained in letter of caution is relevant to the misconduct alleged in proceedings); Rule 7(b)(4), RLDE (admonition may be used in subsequent proceedings as evidence of prior misconduct solely upon issue of sanction to be imposed).